UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anson Watkins,

        Plaintiff,

                              Case No. 13-13678
v.                              Hon. Denise Page Hood

County of Genesee, *et al*.

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT (Docket No. 32)

Before the Court is Defendants' Motion for Partial Summary Judgment. **[Docket No. 32, filed October 6, 2014]**. Plaintiff filed a Response to the Motion for Partial Summary Judgment **[Docket No. 35, filed November 10, 2014]**. Defendants filed a Reply to the Response **[Docket No. 36, filed November 24, 2014]**.

**I.    BACKGROUND**

Plaintiff alleges that on August 28, 2011, he was an inmate at the Genesee County Jail ("GJC") and was approached in his cell by Defendants Broecker, Winston, Mangrum, and Illig. Defendant Winston used knee strikes against Plaintiff, Defendant Winston put Plaintiff in a headlock and brought him to the

1

ground, and Defendant Broecker tased Plaintiff in the buttocks. Defendants kicked, punched, and hit Plaintiff until he lost consciousness.

Defendants placed Plaintiff in a safety cell for 24 hours. Plaintiff requested medical care, but when a nurse came to see him, she did not render treatment. On or about August 31, 2011, Plaintiff was released and his brother took him to McLaren Hosptial to treat his injuries. At McLaren, Plaintiff reported being kicked and punched in the head and face by the Defendants at the jail, and complained of head and facial pain, blurred vision, bilateral arm and back pain, and redness around the left eye. Since the incident, Plaintiff says he suffers from dizzy spells, blackouts, migraines, chronic body pain, paranoia, constant nervousness, and numbness in his neck and down his arms.

On August 27, 2013, Plaintiff filed a Complaint. The Complaint pursuant to 42 U.S.C. § 1983 alleges the following causes of action: (i) Fourteenth Amendment Excessive Force; (ii) Eighth Amendment Excessive Force; (iii) Eighth Amendment Inadequate Medical Care/Failure to Provide Adequate Medical Care; (iv) Fourteenth Amendment Deliberate Indifference to Serious Medical Need; (v) Monell claims against Defendant Genesee County; (vi) Assault and Battery; and (vii) Gross Negligence.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) says a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting that a fact cannot be genuinely disputed must support the assertion by citing to particular parts of materials in the record. Fed. R. Civ. P. 56.

Summary judgment is appropriate in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The burden is on the moving party to show that no genuine issue of material facts exist, and a court should evaluate the evidence in the light most favorable to the nonmoving party. *Gen. Motors Corp. v. Lanard Toys*, Inc., 468 F.3d 405, 412 (6th Cir. 2006).

To create a genuine issue of material fact, the non-moving party must present more than a mere scintilla of evidence in support of her position to raise some doubt as to the existence of a fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Conclusory allegations do not create a genuine issue of material fact which precludes summary judgment." *Johari v. Big Easy Restaurants, Inc.*, 78

F. App'x 546, 548 (6th Cir. 2003). The non-moving party must "go beyond the pleadings and … designate specific facts showing that there is a genuine issue for trial," bringing forth sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 249-50.

The Court may grant a motion for summary judgment if the non-moving party fails to make a sufficient showing establishing the existence of an element that is essential to that party's case.  See *Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003).

**III.   ANALYSIS**

    **A.   Watkins' Fourteenth Amendment Deliberate Indifference to Serious Medical Need Claim**

Plaintiff says he sustained injuries that were ignored. For the failure to provide medical treatment to constitute a constitutional violation, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). The deliberate indifference standard applies to substantive due process claims raised by persons in state custody, including pretrial detainees. *Stemler v. City of Florence*, 126 F.3d 856, 870 (6th Cir. 1997); *Heflin v. Stewart County*, 958 F.2d

709, 713–14 (6th Cir.1992).

A claim for deliberate indifference contains both an objective and a subjective component. The objective component requires a plaintiff to show the existence of a "sufficiently serious" medical need. The subjective component, in contrast, requires a plaintiff to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Dominguez*, 555 F.3d at 550.

Watkins claims he was "injured, had lost consciousness, had been tased, and had a swollen face and his medical records[ and despite knowing this, Defendants] did nothing to make sure [he] obtained the necessary medical treatment [he] needed." **[Docket No. 35 pg. 20, filed November 10, 2014]**. Defendants assert Plaintiff did not show any signs of obvious injury and did not request medical care. Plaintiff's medical records do not reflect any injuries. Whether Watkins was obviously injured and needed medical attention is a question of fact best resolved by a jury. The Court denies summary judgment on this claim.

    **B.**    **Watkins' *Monell* and Fourteenth Amendment Excessive Force Claim Against Defendant Genesee County**

5

Defendants argue Defendant Genesee County is entitled to summary judgment because all of Plaintiff's claims against it are barred by governmental immunity or otherwise fail as a matter of law. A municipality is liable under 42 U.S.C. § 1983 for a constitutional violation only when the entity itself is a moving force behind the deprivation. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal quotation marks omitted). Generally, proof of a single incident is insufficient to impose §1983 liability against Genesee County. *See, City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985). In *Canton v. Harris*, however, the Supreme Court held that where a municipality's inadequate training program for employees leads to an employee violating a plaintiff's rights, the Plaintiff must "demonstrate that the municipal action was not simply negligent, but was taken with 'deliberate indifference' as to its known or obvious consequences." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 398 (1997) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

Plaintiff argues that Defendant Genesee County fails to supervise its officers and does not adequately train its employees regarding use of force, and therefore is not concerned with how force is applied to those inmates whose care is entrusted to them. Plaintiff has provided testimony of the Defendant correction officers that indicates a lack of adequate training, including Defendant Broecker's

6

deposition testimony that states it has been more than 5 years since she had a use of force training. Defendant Mangrum stated that the only use of force training he had was at the corrections academy, which was approximately 7-8 years ago. GCJ officers testified that Genesee County does not conduct performance evaluations on its correction officers.

Viewing the facts in a light most favorable to the nonmoving party, the Plaintiff, the Court denies the request for summary judgment on the issue of Defendant Genesee County's liability for constitutional violations. There is a genuine issue of material fact as to whether the training and supervision was adequate.

Defendants argue that the claims against the individual Defendants in their official capacities are not sustainable because there is no evidence that they were acting pursuant to an unconstitutional policy or custom. Plaintiff argues that since the *Monell* claims against Defendant Genesee County must move forward, such claims against the individually-named Defendants in their official capacities must also move forward. The Court agrees and, therefore, summary judgment is denied in this regard.

> **C.     Counts II and III - Eighth Amendment Excessive Force and Inadequate Medical Care/Failure to Provide Adequate Medical Care**

7

Plaintiff asserts two claims under the Eighth Amendment - Excessive Force and Inadequate Medical Care/Failure to Provide Adequate Medical Care. Defendants argue that summary judgment is warranted with respect to Plaintiff's Eighth Amendment claim because Plaintiff had not been convicted at the time of the alleged incident at issue *Graham v. Connor*, 490 U.S. 386, 393 n.6 (1989). Plaintiff concedes this point and applies the Fourteenth Amendment standard to his federal claims. The Eighth Amendment claims are dismissed.

### D. Assault and Battery

Plaintiff alleges one count of assault and battery. Defendants argue that Plaintiff's allegations of assault and battery only identify Deputy Winston, therefore, all other individual Defendants are entitled to summary judgment. Plaintiff concedes that the assault and battery claim is not applicable to Defendant Genesee County. Plaintiff, offered additional evidence to support an assault and battery claim for the remaining Defendants, including tasing by Defendant Broecker, a knee strike by Defendant Mangrum, and stomping by Defendant Illig. Accordingly, Plaintiff's assault and battery claim is only dismissed against Genesee County.

### E. Gross Negligence

Plaintifff pled one claim of gross negligence against all Defendants.

Defendants say Plaintiff failed to plead a claim of gross negligence against any of the individual Defendants because: (1) Plaintiff's gross negligence claim is based on an intentional tort, and (2) Plaintiff cannot identify a duty the individual Defendants owed to Plaintiff. Plaintiff says his gross negligence claim does not rely on an intentional or offensive touching. Rather, Plaintiff's gross negligence claim is based on Defendants' breach of their duty to perform their employment activities so as not to endanger or cause harm to Plaintiff.

Michigan law forbids plaintiffs from attempting to transform claims involving elements of intentional torts into claims of gross negligence. *VanVorous v. Burmeister*, 687 N.W.2d 132, 143 (Mich.Ct.App.2004). Summary judgment is appropriate for a gross negligence claim premised on an alleged assault. *Norris v. Police Officers*, 808 N.W.2d 578, 584 (Mich.Ct.App.2011). When faced with claims of gross negligence, courts are to determine the "gravamen" of the action by "examining the entire claim." *Id*.

Plaintiff concedes that he cannot bring such a claim against Genesee County. See, Mich. Comp. Laws 691.140791). The Court finds Plaintiff cannot sustain his gross negligence claim against the remaining defendants. The "gravamen" of Watkins' gross negligence count is battery. Watkins says Defendants breached their duty "to perform their employment activities so as not

9

to endanger or cause harm to Plaintiff." **[Docket No. 1, ¶ 71 filled August 27, 2013]**. He says Defendants breached "theses duties with deliberate indifference and gross negligence and without regard to Plaintiff's rights and welfare, which caused serious injuries and damages to Plaintiff." And, "Defendants knew or should have known that by breaching these duties, harm would come to Plaintiff." **[Docket No. 1, ¶ 73 filled August 27, 2013]**. Watkins fails to explain how this claim is based on anything other than the same intentional conduct that gave rise to his assault and battery claim. Accordingly, this claim is dismissed. See, *White v. City of Southfield*, No. 14-CV-10557, 2015 WL 5545472, at *10 (E.D. Mich. Sept. 18, 2015).

## IV. CONCLUSION

**IT IS ORDERED** that Summary Judgment is: (1) **GRANTED** on Count II (Eighth Amendment Excessive Force), Count III (Eighth Amendment Inadequate Medical Care/ Failure to Provide Adequate Medical Care) and Count VII (Gross Negligence) as to all Defendants; (2) **GRANTED** on Count VI (Assault and Battery) as to Defendant Genesee County; and (3) **DENIED** as to the remainder of Plaintiff's claims.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 9, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 9, 2015, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

11