UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anson Watkins,

        Plaintiff,

                                  Case No. 13-13678
v.                                  Hon. Denise Page Hood

County of Genesee, *et al*.

        Defendants.
_____/

## ORDER REGARDING MOTIONS IN LIMINE

Before the Court are Defendants' Motion in Limine [Docket No. 39] and
Plaintiff's Motion in Limine [Docket No. 40], both filed on December 7, 2015. Each
party filed a response to the other party's Motion in Limine, and Defendants filed a
reply with respect to their Motion in Limine.

## I.    BACKGROUND

Plaintiff alleges that the following events occurred on or about August 28,
2011, when he was an inmate at the Genesee County Jail ("GCJ"). Plaintiff was
approached in his cell by Defendants Broecker, Winston, Mangrum, and Illig.
Defendant Winston used knee strikes against Plaintiff, Defendant Winston put
Plaintiff in a headlock and brought him to the ground, and Defendant Broecker tased
Plaintiff in the buttocks. All of the above-named individual Defendants then kicked,

punched, and hit Plaintiff until he lost consciousness.  Defendants placed Plaintiff in a safety cell for 24 hours.  Plaintiff requested medical care, but when a nurse came to see him, she did not render treatment.

On or about August 31, 2011, Plaintiff was released from the GCJ, and his brother took him to McLaren Hosptial to treat his injuries.  At McLaren Hospital, Plaintiff reported that he had been kicked and punched in the head and face by the above-named individual Defendants at the GCJ, and he complained of head and facial pain, blurred vision, bilateral arm and back pain, and redness around the left eye. Since the incident, Plaintiff claims he suffered or suffers from head trauma, concussion, dizzy spells, blackouts, migraines, memory loss, stress, chronic body pain, paranoia, constant nervousness, and numbness in his neck and down his arms.

On August 27, 2013, Plaintiff filed a 42 U.S.C. § 1983 complaint alleging the following claims: (i) Fourteenth Amendment Excessive Force; (ii) Eighth Amendment Excessive Force; (iii) Eighth Amendment Inadequate Medical Care/Failure to Provide Adequate Medical Care; (iv) Fourteenth Amendment Deliberate Indifference to Serious Medical Need; (v) municipal liability against Defendant Genesee County pursuant to *Monell*; (vi) Assault and Battery; and (vii) Gross Negligence.  Plaintiff seeks compensatory and punitive damages for the personal injuries he allegedly sustained on August 28, 2011, at the GCJ.  Defendants filed a Partial Motion for

Summary Judgment [Docket No. 32], and the Court dismissed Counts II, III and VII as to all Defendants and Count VI as to Defendant Genesee County. [Docket No. 37]

## II.   ANALYSIS

### A.   Defendants' Motion in Limine

Defendants seek to preclude Plaintiff from mentioning, suggesting, arguing, introducing, or offering into evidence testimony or documents: (a) concerning complaints against Defendant Winston for conduct that occurred prior to August 28, 2011, including lawsuits that stemmed from that conduct, and (b) discipline against Defendant Winston with respect to events involving a "Mr. Holmes" that occurred in March 2012, about six months after the incident at issue in this case.

Defendant Winston indicated at his deposition that: (1) he had been named as a defendant in several (but less than five) lawsuits, and (2) several (but less than five) inmate or citizen complaints regarding his use of force or his demeanor prior to August 28, 2011 had been filed against him.  In addition, Defendant Winston stated he was disciplined for the beating of Mr. Holmes in March 2012.  Defendant Winston was initially discharged for his conduct as it related to Mr. Holmes, but the discharge was later rescinded at step five of the grievance process.  Defendant Winston's employment was reinstated, together with his seniority and personal and vacation time, but he did not receive any backpay.

Defendants argue that: (1) no claims against Defendant Winston involving his conduct prior to August 28, 2011, were proven, (2) there is no evidence the subject matter of those complaints was similar to the excessive force Plaintiff alleges Defendant Winston used against Plaintiff, and (3) those complaints occurred several years prior to the incident at issue in this case. Defendants also contend that the incident involving Mr. Holmes in March 2012 should be excluded because there is no connection between that discipline and the allegations in this case. For these reasons, Defendants argue that the complaints involving conduct that occurred prior to August 28, 2011 and the March 2012 incident are not relevant pursuant to Federal Rule of Evidence 401. Defendants further argue that, even if they are relevant, the danger of unfair prejudice, confusion of the issues, or misleading the jury substantially outweighs any probative value of such evidence and should be excluded pursuant to Rule 403.

Plaintiff contends that the complaints and/or prior lawsuits of excessive force involving Defendant Winston are highly relevant, particularly as they relate to the *Monell* municipal liability claims against Defendant Genesee County because they demonstrate Genesee County's failure to train and supervise. Plaintiff argues this is especially true since Defendant Winston was reinstated after beating Mr. Holmes.

Plaintiff also contends that the conduct resulting in the complaints could be

admitted as bad acts evidence under Rule 404(b).  In order to admit evidence pursuant

to Rule 404(b), (1) there must be sufficient proof from which the jury could find that

the defendant committed the prior act, (2) the prior act was committed not too

remotely in time, (3) if used to prove intent, the prior offense must be similar to the

charged offense, (4) the prior act must be introduced to prove a material issue, and (5)

the probative value must outweigh any prejudice. *United States v. Sneezer*, 983 F.2d

920, 924 (9th Cir. 1992).  Plaintiff states, conclusorily and without citation to any

authority, that:

> Clearly, the evidence which Defendants seek to exclude meets the
> standard above and must be permitted to be heard by the jury.  The
> evidentiary rule does not require a conviction or adjudication before any
> 'act' can be admitted as evidence. Also, the rule does not prohibit the
> introduction of such evidence for impeachment purposes.

[Docket No. 46, PgID 498-99]

Defendants argue, and no evidence has been proffered to the contrary, that Rule

404(b) cannot be satisfied because, although there have been allegations of excessive

force against Defendant Winston for incidents that occurred prior to August 28, 2011,

(a) no court or other tribunal has made a finding that Defendant Winston used

excessive force, and (b) there is no evidence that the excessive force allegations

regarding Defendant Winston's conduct prior to August 28, 2011, were committed

close in time to that date or that such incidents of misconduct involved conduct similar

5

to the incident at issue in this case.

Defendants also assert that *Sneezer* is inapplicable to this case because, in *Sneezer*, the prior bad acts were admissible only to show intent and a plan, neither of which are elements of an excessive force claim.  Instead, Defendants cite cases from the Second, Eighth, Ninth, and Tenth Circuits holding that bad acts committed prior to and/or subsequent to the conduct at issue are not relevant or admissible with respect to excessive force claims against an officer. Citing *Berkovic v. Hicks*, 922 F.2d 1018 (2d Cir. 1991) (prior complaints not admissible under Rule 404(b) to prove motive, intent, or absence of mistake or accident based upon allegations that the act showed a propensity); *Clark v. Martinez*, 295 F.3d 809 (8th Cir. 2002) (officer's alleged prior bad acts inadmissible due to the danger of unfair prejudice, confusion of the issues, and misleading the jury with respect to Plaintiff's claims of intentional torts by the officer); *Duran v. City of Maywood*, 221 F.3d 1127 (9th Cir. 2000) (a shooting by the officer three days after the incident at issue was inadmissible because its marginal probative value was substantially outweighed by danger of unfair prejudice and would result in a "whole-blown trial within this trial" causing a danger of confusion of the issues, misleading the jury, or undue delay and waste of time); *Chavez v. Albuquerque*, 402 F.3d 1039 (10th Cir. 2005) (prior bad acts are not relevant or admissible against an officer with respect to excessive force claims).

The Court concludes that the complaints, including lawsuits, regarding Defendant Wintson's alleged misconduct prior to August 28, 2011, and the incident involving Mr. Holmes are inadmissible against any of the individual Defendants, including Defendant Winston. First, there is no evidence that a finding of misconduct was made by a court or tribunal. The Court finds that asking the jury to make a determination regarding such conduct would result in several mini-trials within this trial, causing a danger of confusion of issues and undue delay at the trial. Second, it is not clear that any such prior conduct, particularly if it has not been proven to have occurred, would make any material fact at issue in this case any more or less likely to have occurred. Third, even if such conduct is probative, the danger that the jury would afford the prior incidents undue weight as to Defendant Winston's actions involving Plaintiff on August 28, 2011, is substantially outweighed by the danger of unfair prejudice and confusion of the issues. For these reasons, the Court grants Defendants' Motion in Limine (except to the extent the evidence at issue would be appropriate for impeachment purposes, discussed immediately below) as it relates to the individual Defendants.

Whether such evidence should be admissible for purposes of Plaintiff's claim against Defendant Genesee County is a much closer call. For all of the reasons set forth in the immediately preceding paragraph, the Court finds that such evidence is not

admissible against Defendant Genesee County, even though such evidence may be probative with respect to whether Defendant Genesee County failed to train and supervise its officers, especially Defendant Winston.  The most important variable is that there has not been any determination of wrongdoing by Defendant Winston, and the jury would have to make that determination of wrongdoing based upon a "trial within the trial" with respect to those complaints.  The Court grants Defendants Motion in Limine as it relates to Plaintiff's failure to train and supervise claims against Defendant Genesee County (again, subject to evidence that may be offered for appropriate impeachment purposes).

Plaintiff also argues that the evidence can be used for impeachment purposes. Citing *United States v. Clingman*, 521 F. App'x 386, 395 (6th Cir. 2013) (the Sixth Circuit has "consistently recognized the broad scope of allowable impeachment evidence and, more importantly perhaps, the significant discretion left to the trial court in this area.").  If an appropriate opportunity arises to impeach a witness regarding Defendant Winston's past performance, the Court will allow Plaintiff to inquire about past discipline or complaints against Defendant Winston, provided that Plaintiff advises the Court, outside the hearing of the jury, of Plaintiff's intent to impeach beforehand so that the Court can make a determination of whether the proposed impeachment would be proper.

**B.       Plaintiff's Motion in Limine**

Plaintiff moves the Court to exclude evidence regarding, among other things: (1) Plaintiff's use or sale of, involvement with, or incarceration for offenses involving, marijuana or other drugs; (2) his criminal history, including arrests and other contacts with law enforcement; (3) his failure to pay, arrearages for, or incarceration related to, child support; (4) his failure to file income tax returns; (5) his receipt of public assistance; (6) his employment status, educational background and that he lives with his parents; (7) that he fell out of a moving pickup in July 2006, a fall that resulted in medical treatment for his back, (8) the stress he experienced for various reasons in 2006; and (9) the criminal backgrounds of witnesses called by Plaintiff.

Plaintiff argues that none of the above-described evidence is probative or relevant because the central legal issues in this case are whether: (1) Plaintiff was the victim of excessive force at the hands of Defendants, (2) Defendants refused to render or afford him medical assistance on August 28, 2011, and (3) he suffered injuries as a result of Defendants' actions or inactions.  Plaintiff asserts that, because he is not making a wage loss or future earnings claim, evidence of child support arrearage and income tax returns not being filed are not probative of the issues in this case. *See, e.g., Clark v. W&M Kraft, Inc.*, 476 F. App'x 612, 617 (6th Cir. 2012) (in slip and fall case, evidence of failure to pay child support relevant only to determine future earnings).

9

Defendants contend that Plaintiff's physical capacity and the types of activities he engaged in following the incident are relevant to whether he supported his children prior to and after the August 28, 2011, incident and his overall credibility. The only authority Defendants cite in support of their contentions, however, is a Supreme Court case that generally addresses issues of credibility or proof of bias and how they are always relevant as it relates to the credibility of a witness. *See United States v. Abel*, 469 U.S. 45 (1984). Defendants further contend the fact that Plaintiff owes child support is probative of his motive for seeking a monetary recovery and his motivation not to work. Defendants also argue that matters affecting credibility of a witness are proper on cross-examination. Citing Rule 611(b) ("Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility.").

Defendant argues the jury should be allowed to hear about anything that affects Plaintiff's current physiological, mental and financial condition in making a determination regarding damages. Citing *DXS Inc. v. Siemens Med. Sys, Inc.*, 100 F.3d 462, 475 (6th Cir. 1996) (internal quotations and citation omitted) ("Even if the District Court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth."). *See also Figgins v. Advance America Cash Advance Centers of Michigan*

*Inc.*, 482 F. Supp. 2d 861, 866 (E.D. Mich. 2007) ("the definition of relevant evidence is quite liberal and creates a low threshold for admissibility under Rule 401."); *Berry v. Deloney*, 28 F.3d 604, 607 (7th Cir. 1994) (evidence is relevant if it tends to make a witness's testimony more or less credible).

The Court finds that evidence regarding failure to pay child support or file income tax returns may be relevant with respect to Plaintiff's credibility, motive for filing this lawsuit, and his quality of life and ability to have worked both before and after August 28, 2011. With respect to Plaintiff's drug involvement and criminal history, however, it is hard to discern why those matters would be relevant in this case. The issues in this case stem from whether Defendants used excessive force against Plaintiff while he was being held at the Genesee County jail, not while he was being arrested for using or selling drugs or engaged in any criminal activity. Moreover, the issues in this case involve Defendants' conduct and injuries Plaintiff suffered, not Plaintiff's conduct. For these reasons, Plaintiff's use or sale of–or other involvement with–illegal drugs and Plaintiff's criminal history have little, if any, relevance to–nor do they have any connection with–the issues to be tried.

Plaintiff argues that the Court should find that, even if such evidence is relevant, the danger of unfair prejudice outweighs any probative value. *See, e.g., Graddy v. City of Tampa*, 2014 WL 1092285, at *3 (M.D. Fla. 2014) (in an excessive

force case, "the danger of unfair prejudice outweighs any relevancy of Plaintiff's outstanding child support obligations"); *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 346 (S.D.N.Y. 2011) (in a false arrest and malicious prosecution action, the court precluded evidence of any "child support obligation . . . [because it] risks significant prejudice"); *Blazek v. Santiago*, 2015 WL 2176819, at *2 (S.D. Iowa 2015) (in an excessive force claim where no lost wages were being sought, even if evidence of failure to file tax returns was relevant, the probative value would be substantially outweighed by the risk of unfair prejudice).   In addition, as other courts have recognized, the Court must ensure that, even if drug involvement or criminal history may be relevant, "civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them." *Geitz v. Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990); *Gregory v. Oliver*, 2003 WL 1860270, at *1 (N.D. Ill. 2003) ("any evidence as to a litigant's use of drugs has an obvious potential for being extraordinarily prejudicial").

Defendants largely avoid the impact of Rule 403 with respect to the admissibility of evidence relating to Plaintiff's life Plaintiff seeks to exclude. Defendants' sole statement regarding the prejudicial nature of such evidence is: "[t]here is no support for the proposition that such relevant evidence is more prejudicial than probative under the circumstances." In other words, Defendants argue only that the evidence is admissible because it is relevant.

For the reasons set forth by Plaintiff, the Court concludes that the evidence discussed above (*i.e.*, any evidence related to Plaintiff's involvement with drugs, his criminal history, and his failure to pay child support and income taxes) is inadmissible pursuant to Rule 403. The relevance of such evidence to the issues to be tried is, at most, minimal and the unfair prejudicial value of such evidence would be substantial in a case where the Defendants' conduct, not Plaintiffs' conduct, is at issue. The Court grants Plaintiff's Motion in Limine as it relates to any evidence related to Plaintiff's involvement with drugs, his criminal history, and his failure to pay child support and income taxes.

Neither party discusses the following matters Plaintiff seeks to exclude in his Motion in Limine: his receipt of public assistance, his educational background, his residential status, his medical treatment or injuries in 2006 resulting from falling out of a moving pickup, his stress condition in 2006, and the criminal background of witnesses Plaintiff intends to call. As Plaintiff is seeking damages for injuries suffered in the August 28, 2011, incident at GCJ (and not lost wages or future earnings), the Court finds that his receipt of public assistance, educational background, and residential status are inadmissible pursuant to Rule 401 because they are not relevant to any material issues to be decided. The Court grants Plaintiff's Motion in Limine as it relates to his receipt of public assistance, educational

background, and residential status.

Evidence regarding Plaintiff's medical treatment or injuries related to falling out of the pickup and his stress condition in 2006 may be relevant to his contentions regarding the various physical and emotional injuries he suffered as a result of the August 28, 2011, incident at GCJ. Plaintiff has not explained how the introduction of such evidence would be unfairly prejudicial. The Court will deny Plaintiff's Motion in Limine with respect to the medical treatment or injuries related to falling out of the pickup and stress endured by Plaintiff in 2006.

Finally, Plaintiff's general request to preclude the criminal backgrounds of witnesses he will call does not afford the Court a basis upon which to rule, *i.e.*, the Federal Rules of Evidence allow some past conduct to be admitted but bar other conduct. As the Court does not know what criminal background is at issue for any witness Plaintiff intends to call, the Court denies, without prejudice, Plaintiff's request regarding the criminal backgrounds of other witnesses.

## III.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion in Limine (except to the extent the evidence at issue would be appropriate for impeachment purposes). In addition, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion in Limine . Specifically, the Court:

A.   **GRANTS** the Motion in Limine with respect to evidence related to Plaintiff's involvement with drugs, his criminal history, his failure to pay child support and file income tax returns, his receipt of public assistance, his educational background, and his residential status;

B.   **DENIES** the Motion in Limine with respect to the 2006 medical treatment/injuries and stress endured by Plaintiff; and

C.   **DENIES**, without prejudice, the Motion in Limine with respect to the criminal backgrounds of other witnesses.


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  February 24, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 24, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager