UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anson Watkins,

       Plaintiff,

                                          Case No. 13-13678
v.                                       Hon. Denise Page Hood

County of Genesee, *et al*.

       Defendants.
_____/

# ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT AND TO ENFORCE THE SETTLEMENT AGREEMENT [Dkt. No. 91]

On December 19, 2017, the Court issued an Order denying Plaintiff's counsel's Request to Enforce Settlement and Disbursement of Proceeds. Dkt. No. 90. The Court held that it did not have subject matter jurisdiction over an alleged settlement agreement reached between the parties a year after the jury rendered a verdict of $10,002.00 in favor of Plaintiff against two of the Defendants (County of Genesee and R. Winston). In the December 19, 2017 Order, the Court stated:

> A jury has rendered a verdict and the Court has ruled on post-trial motions regarding fees and costs. The Court has not approved any settlement to enforce, nor is there any order in place providing that the Court will retain jurisdiction over this matter. Although it is not necessary for the Court to specify that it is retaining jurisdiction over a settled matter, there must be a settled matter for the Court to enforce. In

> this case, it appears that there is no settlement in place to enforce because, as [Plaintiff's counsel] states, Plaintiff refused to sign the release.

Dkt. No. 90, PgID 1436.

On January 29, 2018, Defendants filed a Motion for Relief from Judgment and to Enforce the Settlement Agreement ("Motion for Relief from Judgment"). Dkt. No. 91. Defendants rely on Rule 60(b)(6) of the Federal Rules of Civil Procedure. Defendants state:

> Subsequent to trial in this matter, an agreement was reached between counsel, acting on behalf of their respective clients, to settle this matter for $58,500, inclusive of all costs, taxes, and attorney fees. <u>It was further agreed as part of the settlement that Plaintiff would sign a release and that the judgment previously entered in this matter would be vacated</u>. This settlement was confirmed by both counsel in writing.[] (PgID 1347-48; PgID 1430). Upon information and belief, Plaintiff also agreed to the settlement. (PgID 1347, ¶ 23).

Dkt. No. 91, PgID 1439 (emphasis added) (footnote omitted). Defendants argue that, pursuant to Rule 60(b)(6): (1) the Court may vacate a judgment for "any other reason that justifies relief;" and (2) "[r]elief is justified in this instance, where the parties agreed to end further litigation and to vacate the judgment as part of their settlement agreement." Dkt. No. 91, PgID 1439-40.

The Court denies Defendants Motion for Relief from Judgment for several reasons. First, even though the Court held that it did not have jurisdiction to enforce the alleged settlement, Defendants: (a) did not and do not challenge the Court's

holding in the December 19, 2017 Order that the Court lacked jurisdiction over the alleged settlement; and (b) fail to argue and establish that the Court has jurisdiction to enforce the alleged settlement.

Second, even if Defendants are correct in asserting that Plaintiff was bound to the terms of the purported settlement agreement by the representations and/or agreement of his counsel, the Court: (1) has not vacated; (2) has not been asked to vacate; and (3) will not vacate the Judgment entered in this case because the Judgment represents the verdict of the jury. For that reason, one of the terms upon which the purported settlement agreement is conditioned (the Court vacating the Judgment) has not been – and will not be – satisfied. Accordingly, the parties cannot have entered into an enforceable settlement agreement, and the Court continues to lack subject matter jurisdiction to enforce the purported settlement agreement.

Third, the Court finds that Defendants' Motion for Relief from Judgment was not filed "within a reasonable time," as required by Rule 60(c)(1). Defendants did not file the Motion for Relief from Judgment until: (1) almost two years after the Judgment was entered on February 24, 2016; and (2) nearly 10 months after the parties allegedly agreed to the purported underlying settlement agreement on or before April 20, 2017. Defendants have not set forth any justification for their delay.

Fourth, Rule 60(b)(6) provides that the Court "may relieve a party . . . from a

final judgment . . . for . . . any other reason that justifies relief." The final judgment in this case was the Judgment entered on February 24, 2016, and it was based on the verdict of the jury. Defendants have not offered any justification for vacating the verdict of the jury, nor any reason why the Court should relieve Defendants from the Judgment, even if the parties otherwise agreed to settle the case.

For the reasons stated above, the Court concludes that Defendants are not entitled to the relief they seek in their Motion for Relief from Judgment.

Accordingly,

IT IS ORDERED that Defendants' Motion for Relief from Judgment and to Enforce the Settlement Agreement [Dkt. No. 91] is DENIED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 22, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 22, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager