**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Anson Watkins,

    Plaintiff,

v.

    Case No. 13-13678
    Hon. Denise Page Hood

County of Genesee and
R. Winston,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT AND FOR COSTS, ATTORNEY FEES, AND INTEREST [Dkt. No. 92]

### I. INTRODUCTION

On February 10, 2016, a jury returned a verdict in favor of three individual defendants on all counts against them and in favor of Plaintiff against Defendant R. Winston on his claim of excessive force and Defendant County of Genesee on his claim of failure to supervise and/or provide adequate training regarding the appropriate and lawful use of force. On February 24, 2016, the Court entered a Judgment in accord with the jury's verdict. The portion of the Judgment in favor of Plaintiff awarded him $10,002.00 in damages, with $2.00 in compensatory damages awarded against R. Winston and $10,000.00 in damages awarded against County of

Genesee.

On March 22, 2017, the Court entered an Order regarding post-trial motions. [Dkt. No. 83] The March 22, 2017 Order, among other things, addressed Plaintiff's Motion for Order Awarding Attorney Fees, Costs and Interest ("Original Attorney Fees Motion") [Dkt. No. 73]. In that March 22, 2017 Order, the Court: (1) held that Plaintiff was the prevailing party; (2) concluded that the Clerk of the Court's award on Plaintiff's Taxed Bill of Costs [Dkt. No. 74] was not to be disturbed, amended, or modified; (3) denied Defendant's Motion for Costs; (4) awarded Plaintiff attorney fees of $41,520.94; (5) denied without prejudice Plaintiff's request for legal assistant/paralegal fees because Plaintiff did not satisfactorily demonstrate his entitlement to the fees requested; (6) denied without prejudice Plaintiff's request for costs associated with the file because Plaintiff did not satisfactorily demonstrate his entitlement to the costs requested; and (7) denied without prejudice Plaintiff's request for an award of interest for failure to explain how he arrived at the amount he requested or provide any authority to support that award.

On January 30, 2018, Plaintiff filed a Motion for Entry of Final Judgment and For Costs, Attorney Fees, and Interest (the "Current Motion"). Defendants filed a timely response, and Plaintiff filed a timely reply. For the reasons that follow, the Current Motion is granted in part and denied in part.

## II. ANALYSIS

The Court's ruling regarding the Original Attorney Fees Motion (specifically, the amount of attorney fees to be awarded and the basis for that award) was filed on March 22, 2017, more than 10 months before the Current Motion was filed. The Court will address the various components of the Current Motion separately.

### A. Attorney Fees

In the Current Motion, Plaintiff asks the Court to revisit its award for attorney fees in the March 22, 2017 Order. Plaintiff argues that the hourly fees assessed by the Court for each attorney was too low and challenges the Court's finding that Plaintiff's success rate justified awarding Plaintiff 62.5% of the lodestar amount (rather than 100% of that amount). In reviewing the March 22, 2017 Order, the Court finds that it fully addressed Plaintiff's request for attorney fees in the Original Attorney Fees Motion. The arguments set forth in the Current Motion constitute nothing more than – and the Court shall treat the request to revisit attorney fees' portion of the Current Motion as – a motion for reconsideration of the Court's ruling regarding attorney fees in the Original Attorney Fees Motion. For the following reasons, the Court denies Plaintiff's request that the Court revisit its award of attorney fees.

First, pursuant to Local Rule 7.1(h)(1) of the Eastern District of Michigan, a motion for reconsideration must be filed within 14 days after entry of the relevant

order. The Current Motion, filed more than 300 days after the entry of the March 22, 2017, is untimely. Second, the Federal Rules of Civil Procedure require that motions for attorney fees and non-taxable expenses "be filed no later than 14 days after the entry of judgment," *see* F.R.Civ.P. 54(d)(2)(b)(i), and the Local Rules provide that a motion for such fees and expenses "must be filed no later than 28 days after entry of judgment." E.D. Mich. L.R. 54.1.2. Although the arguments regarding attorney fees were timely made in the Original Attorney Fees Motion, the Court concludes that the failure to supplement the request for attorney fees until 10 months after the initial request was denied without prejudice renders untimely the request for attorney fees in the Current Motion.

Third, in order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich.

2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

The Current Motion presents the same issues regarding attorney fees expressly ruled upon by the Court in the March 22, 2017 Order (except with respect Plaintiff's arguments regarding "legal research" and "fees for fees," discussed below). The Court addressed the issues of prevailing party, Plaintiff's success rate, and the hourly rate and number of hours worked upon which Plaintiff expounds in the Current Motion. As the Current Motion reveals, Plaintiff simply disagrees with the Court's conclusions regarding attorney fees. As the Court has already ruled upon all of these arguments, the Court rejects Plaintiff's request that the Court revisit its award of attorney fees, particularly as Plaintiff has not demonstrated any palpable defect by which the Court or any party has been misled.

**B.    Legal Assistant/Paralegal Fees and Costs Associated with the File**

In the March 22, 2017 Order, the Court denied without prejudice Plaintiff's requests for legal assistant and paralegal fees and costs associated with the file. The

Court finds that Plaintiff's request for legal assistant and paralegal fees and costs associated with the file are untimely. First, as noted above, the Current Motion was not filed until more than 10 months after the March 22, 2017 Order. Plaintiff has offered no justification or explanation for the unreasonable and undue delay in filing a detailed supplemental request for legal assistant and paralegal fees and costs associated with the file.

Plaintiff's filing also fails to comport with Rule 54(d)(2)(b)(i)'s requirement that motions for attorney fees and non-taxable expenses "be filed no later than 14 days after the entry of judgment," *see* F.R.Civ.P. 54(d)(2)(b)(i), and the requirement pursuant to Local Rule 54.1.2 that a motion for such fees and expenses "must be filed no later than 28 days after entry of judgment." Again, although Plaintiff's arguments regarding such fees and expenses were timely made in the Original Attorney Fees Motion, the Court concludes that Plaintiff's failure to supplement the request for such fees and expenses until 10 months after the initial request was denied without prejudice is fatal to Plaintiff's claims for such fees and expenses.

Accordingly, the Court denies Plaintiff's request for paralegal and legal assistant fees and costs associated with the file.[1]

---

[1] The Court also is not persuaded that Plaintiff would be entitled to many of the fees and costs he requests with respect to paralegal and legal assistant fees and costs associated with the file.

### C. Legal Research

In the Current Motion, Plaintiff states that he has on-line research fees of "$1,3500.00" [sic] that "were not specifically enumerated in [the Original Attorney Fees] Motion, and accordingly have been added as costs herein." Dkt. No. 92, PgID 1480. Based on an exhibit attached to the Current Motion, it appears Plaintiff is requesting $1,350.00 in fees for legal research, and more than half of the requested legal research fees are for research conducted after Judgment was entered. Dkt. No. 92, Ex. C.

For the reasons set forth in Section II.B., the Court concludes that Plaintiff's request for the on-line research fees is untimely. The Court also finds that Plaintiff waived his request for on-line research fees when he failed to request those fees until nearly two years after the Judgment was entered. Plaintiff's request for on-line research fees of $1,350.00 is denied.

### D. Fees for Fees

Plaintiff seeks an award of fees for "time spent in preparing, presenting, and trying attorney fee applications." Citing *Coulter v. Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986). An award of "fees for fees" is permissible and is to be determined under the *Hensley* reasonableness standard. *H.D.V. - Greektown, LLC v. City of Detroit*, 660 F. App'x 375, at **24-25 (6th Cir. 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424

7

(1983). Plaintiff seeks a total of $13,931.25 in fees for fees, including: (a) $1,200.00 for the efforts of Christopher Trainor (an attorney and managing partner and owner of the law firm representing Plaintiff) – based on paying him at the hourly rate for an attorney in the 95th percentile ($400 hour x 3 hours); (b) $5,500.00 for Karen Boll, a formerly licensed lawyer ($200/hour x 27.5 hours); and (c) $7,231.25 for attorney Shawn Cabot and other paralegals.

Many of the claimed fees for fees are attributable to amounts related to filing the Original Attorney Fees Motion, and the balance of the fees stem from efforts by Plaintiff's attorneys in anticipation of filing the Current Motion. The Court denies the fees for fees amounts attributable to filing the Original Attorney Fees Motion because, as set forth in Section II.A.: (1) they are untimely; and (2) such amounts were – or should have been – requested in the Initial Attorney Fees Motion.

With respect to the fees for fees amounts related to the filing of the Current Motion, the Court is not persuaded that Plaintiff should be awarded any such fees. Although some portions of the delay in payment of the Judgment were not within the control of Plaintiff, much of the delay for payment of the amounts awarded on March 22, 2017 stems from Plaintiff's failure to enter into a settlement agreement and/or otherwise take prompt actions. Plaintiff's inactions include, but are not limited to, failing to file the Current Motion until almost a year after the Court issued the March

22, 2017 Order and Plaintiff's failure to execute documents upon which his counsel and Defendants' counsel agreed in April 2017.

The Court denies Plaintiff's request that the Court award him fees for fees.

**E.     Interest**

As to Plaintiff's request for prejudgment and post-judgment interest, the general rule in the Sixth Circuit is that, "in the absence of a statutory provision to the contrary, the award of prejudgment interest is a matter addressed to the discretion of the court." *EEOC v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 579 (6th Cir. 1984). Defendants note that prejudgment interest is not available on punitive damages, *In re ClassicStar Mare Lease Litigation*, 727 F.3d 473, 495 (6th Cir. 2013) (citation omitted) ("Because prejudgment interest is compensatory in nature, it should not be awarded if it would result in the overcompensation of the plaintiff"), but the jury did not award punitive damages against R. Winston (despite the express opportunity to do so) or the County of Genesee (the jury did not have the option of awarding Plaintiff punitive damages against the County of Genesee).

This case commenced in 2013 based on events that occurred in August 2011, nearly seven years ago. The Court finds that awarding interest is warranted because Plaintiff was the prevailing party and many years have passed since the underlying events transpired.  In this case, the Court finds that prejudgment interest on

9

$10,002.00, computed from the date the Complaint was filed (August 27, 2013) until the date of Judgment (February 24, 2016), should be awarded to completely compensate Plaintiff. "[T]he statutory postjudgment framework set forth in 28 U.S.C. § 1961 is a reasonable method for calculating prejudgment interest awards." *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 619 (6th Cir. 1998) (citation omitted). The rate under Section 1961(a) is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the date of the judgment."

With respect to post-judgment interest, 28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." For the same reasons the Court determined prejudgment interest was warranted in this case,[2] the Court concludes postjudgment interest is warranted in this matter. Unlike prejudgment interest, postjudgment interest is not limited to the amount of compensatory damages and may include punitive damages. Accordingly, the Court holds that Plaintiff is entitled to postjudgment interest, at the rate prescribed

---

[2]The Court is not persuaded by Defendants' argument that the delay in obtaining payment on the Judgment is due solely to Plaintiff's conduct in failing to enter into a settlement agreement with Defendant. *See, e.g., Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 591 (6th Cir. 2002) ("We are aware of no authority holding that a defendant owes post judgment interest for a delay in plaintiff's enjoyment of its payment when the delay is due to plaintiff's own conduct."). Although Plaintiff could have entered into the settlement agreement, he did not have a legal obligation to do so.

in accord with Section 1961, and such postjudgment interest shall be awarded from the date of entry of Judgment (February 24, 2016) to the date Judgment is satisfied. 28 U.S.C. § 1961(b).

## III. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Entry of Final Judgment and For Costs, Attorney Fees, and Interest [Dkt. No. 92] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Defendants shall pay Plaintiff prejudgment interest on $10,002.00, at the rate prescribed under 28 U.S.C. § 1961(a), for the period between August 27, 2013 and February 24, 2016.

IT IS FURTHER ORDERED that Defendants shall pay Plaintiff postjudgment interest on $10,002.00, at the rate prescribed under 28 U.S.C. § 1961(a), for the period between February 24, 2016 and the date the Judgment is satisfied.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 22, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 22, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager